**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| C.C.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | **Civil Action No. 25-18709 (SRC)**<br><br>**OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff C.C. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, filed June 17, 2022, alleging disability beginning April 15, 2021. The claim was denied initially on May 8, 2023, and upon reconsideration on October 12, 2023. Plaintiff then filed a written request for a hearing, which was held before ALJ Marguerite Toland (the "ALJ") on June 20, 2024. The ALJ issued an unfavorable decision on February 10, 2025. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request

for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the February 10, 2025 decision, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b), with certain additional exertional and nonexertional limitations. At step four, the ALJ also found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy that the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff has not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded because, at step four, the RFC determination is not supported by substantial evidence. Plaintiff challenges the RFC determination on several grounds. Plaintiff first argues:

> The ALJ failed to properly evaluate the limitations from Capone's mental impairments. . . . Critically, the ALJ failed to explain why Capone's admitted mental limitations would not have a greater impact [on] his ability to work.

(Pl.'s Br. at 17-18.) Plaintiff, however, fails to articulate what exactly the ALJ did that was improper and which rule or point of law was violated by what was done. Moreover, at step four, Plaintiff does not identify the "admitted mental limitations" and cites no law that imposes on the Commissioner a requirement to explain why the mental limitations do not have a greater impact on his ability to work.

Plaintiff, in essence, asks this Court to review the record *de novo* and reweigh the

evidence, which it may not do. The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision *de novo*.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") At step four, § 405(g) tasks this Court only with evaluating whether the factual determinations on which the RFC determination is made are supported by substantial evidence, which simply requires a finding of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Since Plaintiff's argument concerning the ALJ's determinations about "mental limitations" essentially asks this Court to reweigh the evidence, it is without merit.

Plaintiff also recites the ALJ's findings concerning the paragraph B criteria of the 12.00 Listings at step three. (Pl.'s Br. at 18-22.) Plaintiff does not, however, explain the relevance of the step three paragraph B findings to the RFC determination at step four. Under Third Circuit law:

> [N]o incantations are required at steps four and five simply because a particular finding has been made at steps two and three. Those portions of the disability analysis serve distinct purposes and may be expressed in different ways. . . . In short, the findings at steps two and three will not necessarily translate to the language used at steps four and five.

Hess v. Comm'r Soc. Sec., 931 F.3d 198, 209 (3d Cir. 2019). Pursuant to Hess, the ALJ's findings at step three do not necessarily translate into particular findings at step four.

Plaintiff also argues that the ALJ's analysis at step three downplayed the severity of Plaintiff's mental limitations and thus the RFC determination is unsupported. Plaintiff points to evidence of record that might have supported additional mental limitations, but it is generally true that a large body of evidence can support a range of inferences; the fact that other inferences are possible does not show that the Commissioner's determinations are not supported by substantial evidence. Although Plaintiff's brief points to several episodes of seemingly disordered behavior in the past, as already explained, this Court does not reweigh the evidence.

Plaintiff further argues that the RFC is not supported by substantial evidence because it failed to account for Dr. Felsenfeld's findings that Plaintiff is moderately limited in his ability to accept instructions and respond appropriately to criticism from supervisors. However, this Court finds that the ALJ's determination is consistent with the narrative portion of Dr. Felsenfeld's findings. The ALJ provided a detailed explanation for her determination that Dr. Felsenfeld's report is persuasive and consistent with the rest of the evidence in the record. While Plaintiff argues that it was improper for the ALJ to only rely on the narrative portion of Dr. Felsenfeld's report, he cites no authority to support this proposition. To prevail on a substantial evidence challenge to the RFC determination, Plaintiff would need to show that no finder of fact could have reasonably concluded that Dr. Felsenfeld's findings supported the ALJ's RFC determination, which he is unable to do.

The final paragraph in the narrative section of Dr. Felsenfeld's report provides as follows:

> The claimant is able to adequately understand and follow simple instructions, to sustain mental pace, persistence, concentration and attention for at least two-hour segments during a normal workday, and to relate and adapt to work-like settings. Claimant is capable to manage funds per CE. Moderate limitations.

(Tr. 90). This Court finds this to be substantial evidence for the mental limitations in the RFC

and it supports the inference that Plaintiff was not further limited in his "ability to accept instructions and instructions and respond appropriately to criticism from supervisors." Because the ability to accept such instructions and respond appropriately to criticism are part of typical work-like settings, Dr. Felsenfeld's finding that Plaintiff can "adequately understand and follow simple instructions," and can "relate and adapt to work-like settings" is substantial evidence to support the ALJ's RFC determination. And though Plaintiff asserts that this paragraph alone cannot support the ALJ's findings, this Court disagrees: the summary paragraph constitutes substantial evidence which supports the ALJ's RFC determination.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision, or that Plaintiff was harmed by any errors. This Court finds the Commissioner's decision is supported by substantial evidence and is affirmed.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: September 15, 2026